# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 06764 | **DATE** | 12/15/2011 |
| **CASE TITLE** | GUS A. PALOIAN v. RIDGESTONE BANK and BRUCE W. LAMMERS | | |

**DOCKET ENTRY TEXT**

Defendant's motion to withdraw reference [1] is denied. SEE BELOW FOR DETAILS.

*Suzanne B. Conlon*

■ [ For further details see text below.]

Notices mailed by Judicial staff.
CC: Bankruptcy Judge Wedoff

## STATEMENT

Gus A. Paloian ("trustee"), as Chapter 7 trustee for debtor Canopy Financial, Inc. ("Canopy"), filed an adversary proceeding against Ridgestone Bank ("Ridgestone") and Bruce W. Lammers ("Lammers") (collectively, "defendants") in bankruptcy court, seeking relief under six counts. Defendants seek to withdraw reference of the adversary proceeding from the bankruptcy court pursuant to 28 U.S.C. § 157(d).

Canopy is a Delaware technology company that developed internet-based products related to health savings accounts ("HSAs") and filed for bankruptcy on November 25, 2009. Ridgestone is a bank headquartered in suburban Milwaukee. Lammers is Ridgestone's president, CEO, and chairman of the board of directors. Other key players in the underlying complaint include Jeremy Blackburn ("Blackburn") and Anthony Banas ("Banas"), who were, respectively, Canopy's president and its chief technology officer. Coventry Health Care, Inc. ("Coventry") is a Delaware corporation that, through a subsidiary, contracted with Canopy to develop and administer an HSA program for Coventry's clients.

The adversary proceeding is based on Ridgestone's custodianship of an HSA account administered by Canopy on behalf of Coventry. The complaint alleges Ridgestone lacked the experience and measures to properly monitor and protect the account. The trustee claims defendants failed to notify Canopy of atypical activity that led to the theft of over $15 million by Banas and Blackburn.

Although federal courts have original jurisdiction over bankruptcy proceedings arising out of Title 11 of the Bankruptcy Code, these cases are automatically referred to bankruptcy judges. 28 U.S.C. §§ 154(a), 1334. Defendants seek permissive withdrawal of this adversary proceeding; they must establish good cause for withdrawal. 28 U.S.C. § 157(d). The district court has broad discretion in this determination and considers the

| | Courtroom Deputy Initials: | AIR |
|---|---|---|

following factors: whether the proceeding is core or non-core, judicial economy and convenience, promotion of bankruptcy administration uniformity and efficiency, avoidance of forum shopping and confusion, conservation of debtor and creditor resources, and whether the parties requested a jury trial. *Grochocinski v. LaSalle Bank Nat'l Assoc. (In re K & R Express Sys.)*, 382 B.R. 443, 446 (N.D. Ill. 2007) (Moran, J.); *In re Sevko, Inc.*, 143 B.R. 114, 117 (N.D. Ill. 1992) (Nordberg, J.). Bankruptcy jurisdiction is designed to provide a single forum for dealing with all claims to the bankrupt's assets. *Xonics v. First Wisconsin Financial Corp.*, 813 F.2d 127, 131 (7th Cir. 1987). Permissive withdrawal is the exception, not the rule. *In re K & R Express Sys.*, 382 B.R. at 446.

The bankruptcy court is familiar with the parties, facts, and issues involved in this adversary proceeding. This is one of over *fifty* adversary proceedings commenced by the trustee, many handled by the same bankruptcy judge. Many of these adversary proceedings have similar facts and allegations. This particular adversary proceeding is currently underway in the bankruptcy court, where defendants have a pending motion to dismiss.

Defendants argue that withdrawing the reference would potentially allow this case to be combined with a suit in the United States District Court for the Eastern District of Wisconsin. The Wisconsin case was filed on August 8, 2011 by Coventry against the same defendants. *Coventry Health Care, Inc. v. Ridgestone Bank and Bruce Lammers*, No. 2:2011-cv-00744 (E.D. Wis.). Defendants note similarities between the Wisconsin case and this proceeding. Additionally, defendants point to two cases, *Elscint Ltd. v. First Wisconsin Financial Corp. (In re Xonics, Inc.)*, 67 B.R. 33 (N.D. Ill. 1986) (McGarr, J.) and *In re Sevko*, 143 B.R. 114 (N.D. Ill. 1992) (Nordberg, J.), where this court found cause for withdrawal to consolidate non-bankruptcy and bankruptcy cases. Those cases are distinguishable. In *Elscint*, the two consolidated cases featured the same plaintiff, the party seeking withdrawal had already filed a motion to transfer, and the judge in the transferee court "indicated that he would not disagree with the consolidation of all the cases before him for a single disposition of the issues." 67 B.R. at 33-34. Here, consolidation with the Wisconsin case is speculative, given the different plaintiffs, defendants have not filed a motion to transfer venue, the trustee's stated intent to oppose consolidation, and pending motions to dismiss in both cases. In *In re Sevko*, both consolidated cases had the same plaintiffs (albeit different defendants). 143 B.R. at 115. *In re Sevko* involved discretionary withdrawal followed by consolidation to aid judicial economy and save resources. *Id.* at 117. Here, these goals are better served by allowing the bankruptcy court to continue handling the case.

Defendants argue withdrawal of the reference is favored because five of the six counts are non-core: violation of the Illinois Fiduciary Obligations Act, breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, negligence, and breach of contract. A core proceeding is one that arises in a bankruptcy case or under Title 11. 28 U.S.C. § 157(a); *Stern v. Marshall*, --- U.S. ----, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011). The trustee responds that there are technically two core claims: Count IV includes claims for both avoidance of fraudulent transfer under § 548 of the Bankruptcy Code and recovery of fraudulent transfer under § 550 of the Bankruptcy Code. Although prevalence of non-core claims is a key factor in considering whether a case is appropriate for permissive withdrawal, it is not dispositive. *See In re Conseco Finance Corp.*, 324 B.R. 50, 54 n.2 (N.D. Ill. 2005) (Filip, J.) ("[T]he fact that a proceeding is non-core, by itself, does not establish 'cause' to withdraw . . .").

Finally, defendants have not asserted a jury demand, which cuts against withdrawal of the reference.

*/s/ Suzanne B. Conlon*